**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DENNIS FOSTER,           ) | |
|                        ) | |
|           Petitioner,     ) | |
|                        ) | |
|           v.                  ) | No. 4:10 CV 882 AGF / DDN |
|                        ) | |
| JENNIFER SACHSE,      ) | |
|                        ) | |
|           Respondent.    ) | |

## REPORT AND RECOMMENDATION

This action is before the court upon the petition of Missouri state prisoner Dennis Foster for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The matter was referred to the undersigned United States Magistrate Judge for a report and recommended disposition pursuant to 28 U.S.C. § 636(b)(1). (Doc. 6.) For the reasons set forth below, the undersigned recommends that the petition for a writ of habeas corpus be denied.

## I. BACKGROUND

On October 17, 2006, a jury in the Circuit Court of St. Louis County found petitioner guilty of one count of second degree drug trafficking. (Doc. 12-1, Ex. C at 38.) On February 2, 2007, the circuit court sentenced petitioner to ten years imprisonment. (Id., Ex. C at 49-51.) On March 11, 2008, the Missouri Court of Appeals affirmed the judgment on direct appeal. (Id., Ex. F); State v. Foster, 247 S.W.3d 100 (Mo. Ct. App. 2008).

On April 28, 2008, petitioner filed in the circuit court a pro se motion for post-conviction relief under Missouri Supreme Court Rule 29.15. (Id., Ex. J at 3-10.) On August 19, 2008, with the assistance of appointed counsel, petitioner filed an amended motion for post-conviction relief. (Id., Ex. J at 16-28). The circuit court denied petitioner's motion on September 19, 2008. (Id., Ex. J at 30-35). On November 24, 2009, the Missouri Court of Appeals affirmed the circuit court's denial of the motion. (Id., Ex. K.); Foster v. State, 302 S.W.3d 156 (Mo. Ct. App. 2009).

On May 13, 2010, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.)

In denying petitioner's direct appeal, the Missouri Court of Appeals described the facts, viewed in the light most favorable to the verdict, as follows:

> On January 9, 2005, Officer Nathan Hart was patrolling an area in St. Louis County. Officer Hart saw a car in a gas station parking lot with what appeared to be a counterfeit "temporary tag." After the car turned on the street, Officer Hart conducted a traffic stop. Timmy Johnson was in the driver's seat, [petitioner] was in the passenger seat and Johnson's four-year old child was in the back seat. When Johnson rolled down the window, Officer Hart smelled marijuana. Johnson told Officer Hart that someone had been smoking marijuana in the car earlier. Officer Hart also observed that [petitioner] and Johnson appeared nervous. Officer Hart searched Johnson and the car and did not find any contraband. After [petitioner] consented, Officer Hart began searching [petitioner]. Officer Hart found an empty plastic baggie in [petitioner]'s left shoe. Officer Hart then felt a hard lump in [petitioner]'s left sock and instructed him to sit down. As [petitioner] was sitting on the ground, he removed a plastic baggie containing crack cocaine and attempted unsuccessfully to put it in his mouth. [Petitioner] then threw the baggie about two feet and yelled at Johnson to come take it. Officer Hart told Johnson to sit on some steps and not move. Officer Hart then placed [petitioner] under arrest and retrieved the baggie with the crack cocaine.
>
> While Officer Hart drove [petitioner] to the St. Louis County intake center, [petitioner] stated "don't charge me with the crack. Just charge me with the weed." Officer Hart told [petitioner] he did not find any "weed" on him and [petitioner] stated that he had a small bag of "weed" in his right shoe. After arriving at the intake center, Officer Hart searched [petitioner] and found marijuana in his right shoe.
>
> [Petitioner] was charged with trafficking drugs, crack cocaine, in the second degree. Section 195.223.3 RSMo. 2000. Prior to trial, [petitioner] moved to exclude evidence regarding the marijuana, including his statements, arguing that it was inadmissible evidence of uncharged crimes. The trial court denied [petitioner]'s motion. At trial, Officer Hart testified, over [petitioner]'s objection, to [petitioner]'s statements regarding the marijuana and the marijuana found in [petitioner]'s shoe. The jury found [petitioner] guilty of trafficking drugs in the second degree. The court sentenced [petitioner], as a persistent offender and persistent drug offender, to ten years' imprisonment."

(Doc. 12-1, Ex. F, supplemental memorandum opinion at 2-3.)

## II.  PETITIONER'S GROUNDS FOR FEDERAL HABEAS RELIEF

Petitioner alleges five grounds for relief in this habeas action:

(1)     The prosecution conspired with law enforcement and petitioner's girlfriend to deprive him of due process.

(2)     The prosecution conspired to prevent Timothy Johnson from testifying at trial on petitioner's behalf.

(3)     The prosecution conspired with law enforcement to coerce petitioner's girlfriend by promising a favorable sentencing recommendation for petitioner.

(4)     Petitioner's trial counsel rendered constitutionally ineffective assistance by failing to investigate Timmy Johnson's admission of guilt.

(5)     Petitioner's trial counsel rendered constitutionally ineffective assistance by failing to investigate material issues, depose material witnesses, seek relief for the state's failure to disclose information to the defense.

(Doc. 1 at 11-17.)

Respondent contends that these grounds are both procedurally barred and without merit. .

## III.  EXHAUSTION AND PROCEDURAL BAR

Congress requires that state prisoners exhaust their state law remedies for claims made in federal habeas corpus petitions filed in district court under 28 U.S.C. § 2254.  See 28 U.S.C. § 2254(b)(1)(A).  A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c). Given the limitation periods under Missouri law for asserting grounds for relief on direct appeal and in motions for post-conviction relief, no proper procedure for litigating his federal habeas claims now remains available to petitioner.  See Mo. Sup. Ct. R. 29.15(b) (post-conviction relief motion must be filed within 90 days after the mandate of the court of appeals affirming the judgment or sentence is filed; or, if no appeal is filed, within 180 days from the date the person is delivered to the Department of Corrections); Mo. Sup. Ct. R. 81.04(a) (10 days to file a notice of appeal after circuit court judgment is final).

Exhaustion in the sense that petitioner now has no remaining procedure for bringing a claim to the state court does not, however, satisfy the federal statutory requirement.  Rather, a petitioner

must have fairly presented the substance of each federal ground, including the factual allegations and the law that is invoked, to the trial and appellate courts.[1] Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam). If he has not done so and has no remaining procedure for doing so because he has defaulted on the legitimate requirements of the otherwise available procedures, any such ground for federal habeas relief is barred from being considered by the federal courts. Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011); King v. Kemna, 266 F.3d 816, 821 (8th Cir. 2001) (en banc); Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (petitioner's failure to present a claim on appeal from a circuit court ruling raises a procedural bar to pursuing the claim in a habeas action in federal court).

Petitioner did not present Grounds 1, 2, 3, and 5 in his motion for a new trial. (Doc. 12-1, Ex. C at 39-41.) Nor did he raise the grounds in his brief when he sought appellate review of his conviction, and the appellate court did not consider them in its opinion. (Doc. 12-1, Ex. A, Ex. F.) Petitioner also did not present the grounds in either of his Rule 29.15 motions for relief, and the St. Louis County Circuit Court did not discuss them in its motion ruling. (Id., Ex. J at 3-10, 16-28, 30-35.) He did not present the grounds in his brief submitted for the appeal of the Rule 29.15 motion ruling, and the appellate court's decision did not address them. (Id., Ex. G, Ex. K.)

Petitioner raised Ground 4 in his pro se Rule 29.15 motion for post-conviction relief. (Id., Ex. J at 3-10.) However, petitioner also filed an amended motion that omitted this ground. (Id., Ex. J at 16-28.) Under Missouri law, "the filing of an amended motion by post-conviction counsel supersedes a movant's pro se motion and renders it a nullity." Johnson v. State, 210 S.W.3d 427, 434 (Mo. Ct. App. 2006); see also Mo. Sup. Ct. R. 24.035(g) ("The amended motion shall not incorporate by reference material contained in any previously filed motion.").

Accordingly, Grounds 1-5 are procedurally barred.

Nevertheless, petitioner may avoid the procedural bar, if he can demonstrate legally sufficient cause for the default and actual prejudice resulting from it, or if he can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. Maples v. Thomas, 132 S. Ct. 912, 922 (2012); Coleman v. Thompson, 501 U.S. 722, 749-50 (1991).

---

[1]This principle is relevant to the claim made in the petitioner's amended Rule 29.15 motion, discussed below.

To establish sufficient cause for the procedural default, petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with a state procedural requirement. Maples, 132 S. Ct. at 922; Coleman, 501 U.S. at 750-52. To establish actual prejudice, petitioner must demonstrate that the alleged errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (internal citations omitted); see also Charron v. Gammon, 69 F.3d 851, 858 (8th Cir. 1995) (stating that the standard of prejudice to overcome procedural default "is higher than that required to establish ineffective assistance of counsel under Strickland").

To demonstrate that the failure to review his grounds for relief would result in a fundamental miscarriage of justice, the petitioner may show that he was actually innocent. Murray v. Carrier, 477 U.S. 478, 495-96 (1986). A habeas petitioner asserting actual innocence to support his allegations of constitutional error must do so with new, reliable evidence. Schlup v. Delo, 513 U.S. 298, 324 (1995). Without new evidence of innocence, even a meritorious constitutional claim is not sufficient to permit a habeas court to reach the merits of a procedurally defaulted claim. Id. at 316. The requirement set forth in Schlup means that a habeas petitioner must "come forward not only with new reliable evidence which was not presented at trial, but [] come forward with new reliable evidence which was not available at trial through the exercise of due diligence." Kidd v. Norman, 651 F.3d 947, 953 (8th Cir. 2011).

Petitioner alleges that ineffective assistance of counsel prevented him from raising Grounds 1-5 in the proper forum because his post-conviction counsel refused to include them in his amended Rule 29.15 motion. (Doc. 1 at 11-13.) However, the Constitution does not guarantee the right to effective assistance of post-conviction counsel. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Accordingly, even assuming the truth of petitioner's allegations, he fails to establish sufficient cause to avoid procedural default. See Armstrong v. Iowa, 418 F.3d 924, 927 (8th Cir. 2005); Coleman v. Thompson, 501 U.S. 722, 752 (1991).

Nevertheless, Congress has authorized federal courts to dismiss procedurally barred grounds if a court concludes that the grounds are without merit. 28 U.S.C. § 2254(b)(2). As stated above, respondent asserts that none of petitioner's federal grounds for relief have merit. The undersigned has considered all of petitioner's federal grounds on their merits.

# IV.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that habeas relief may not be granted by a federal court on a claim that has been decided on the merits by a state court unless that adjudication:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Thaler v. Haynes, 130 S. Ct. 1171, 1174 (2010) (per curiam) (citation omitted).  This standard is difficult to meet because habeas corpus "is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal."  Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (citation omitted).  A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Thaler, 130 S. Ct. at 1174.

A state court's factual findings are presumed to be correct.  28 U.S.C. § 2254(e)(1); Wood v. Allen, 130 S. Ct. 841, 845 (2010).  Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits.  Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).  Clear and convincing evidence that factual findings lack evidentiary support is required to grant habeas relief.  28 U.S.C. § 2254(e)(1); Wood, 130 S. Ct. at 845.

Where a petitioner's claims were not adjudicated on the merits by a state court, the pre-AEDPA standard for habeas review governs.  Gingras v. Weber, 543 F.3d 1001, 1003 (8th Cir. 2008)("Because [petitioner's] apparently unexhausted claim was not adjudicated on the merits, we likely should apply the pre-AEDPA standard of review, rather than the deferential standard of 28 U.S.C. § 2254(d).") (internal citations and quotations omitted); Montes v. Trombley, 599 F.3d 490,

495 (6th Cir. 2010). Under the pre-AEDPA standard, the habeas petitioner must show a "reasonable probability that the error complained of affected the outcome of the trial or that the verdict likely would have been different absent the now-challenged [defect]." Robinson v. Crist, 278 F.3d at 865-66 (8th Cir. 2002) (internal citations omitted).

Petitioner also requests an evidentiary hearing. AEDPA provides that a court shall not hold an evidentiary hearing on a habeas corpus claim unless a petitioner shows that:

> (A) the claim relies on--
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner alleges no claim relying on a new rule of law or a factual predicate that could not have been previously discovered with due diligence. Accordingly, petitioner's request for an evidentiary hearing should be denied.

## V. DISCUSSION

### A. Ground 1

In Ground 1, petitioner claims that the prosecution conspired with law enforcement and petitioner's girlfriend to deprive him of due process. This ground was never presented to the Missouri courts and petitioner has suggested no substantial evidence to support it. This ground must be dismissed.

However, petitioner's Ground 1 appears somewhat akin to the ground he raised in his amended Rule 29.15 motion for post-conviction relief, that his trial counsel failed to insist upon specific performance of an agreement between the prosecution and petitioner's girlfriend. (Doc. 12-1, Ex. J at 16-28.) This ground was considered on its merits by the Missouri courts. The circuit court denied relief. (Id., Ex. J 30-35.) The Missouri Court of Appeals affirmed. (Id., Ex F.)

Even though plaintiff did not allege the ground in this federal petition *in haec verba*, the undersigned considered it on its merits. More specifically, petitioner alleged that the prosecution

- 7 -

failed to honor an agreement with petitioner's girlfriend, Tracy Skinner, that it would to strike its recommendation for sentencing enhancements in exchange for her participation in a controlled undercover drug buy. Because this ground was decided on the merits by the Missouri circuit court and the Missouri Court of Appeals, the AEDPA standard for habeas corpus would govern its disposition, if it had in fact been alleged in the federal petition.

This ground for relief is without merit for lack of factual support. The Missouri Court of Appeals found that the record clearly refuted the existence of an agreement between the prosecution and petitioner's girlfriend, stating that "At [petitioner's] sentencing hearing, Girlfriend acquiesced that she had never been made a guarantee or promise that any of her actions would favorably benefit [petitioner]." (Doc. 12-1, Ex. K, supplemental memorandum at 3.) This determination is supported by the record. The following colloquy occurred during petitioner's sentencing hearing:

> MS. SKINNER: My name is Tracy Skinner, S-K-I-N-N-E-R.
>
> THE COURT: You have something you want to tell us?
>
> MS. SKINNER: Yes, I do. I had talked to Gentry Smith [the prosecutor], you know, when he was found guilty, and we had agreed that I could work with some detectives and give them some information about some Mexicans that was bringing in some stuff, in order to get some of his time, or he would work with me on Dennis' sentence, and I did that. And the detective is saying that they didn't -- I didn't give them anything that they didn't already have. So I just wanted you to know that. To know that in consideration, because this is on tape. I have it on – they have it on tape and everything.
>
> THE COURT: Let me say this to you, Miss Skinner.
>
> MR. [Gentry] SMITH: Can I address that, and Mr. Eisenhauer [petitioner's trial counsel] has had a chance to talk to the detective. Ms. Skinner approached me by phone after Mr. Foster was found guilty. She first didn't really approach me in the courtroom, but after Mr. Foster was found guilty, cursed me out a little bit, but called me later that week and asked me what I could do for Mr. Foster. If she could provide information to who sold the drugs to Mr. Foster. I explained there were no guarantees, no promises; correct?
>
> MS. SKINNER: Right.
>
> MR. SMITH: If she wanted to work with the drug unit, that was her

decision entirely. I was not in a position to promise her anything if she did, and verified that I would go to my supervisor who would have the final say; is that correct?

MS. SKINNER: Correct.

MR. SMITH: And I would present the information that the detective would bring me, if he did bring me information, that I would give it to my supervisor and I would make the decision as to what consideration, if any, to give Mr. Foster. Miss Skinner has a difference of opinion with the detective as to what she has done. I think she feelings [*sic*] that she did an undercover buy. I talked to the detective as recently as this morning. He says that an undercover buy was not done. There was an attempt to set one up, a telephone call that was recorded where an undercover buy was going to go down, and go to location to do this buy, but that never happened. I made the detective available to Mr. Eisenhauer by phone. The detective -- Detective Marine who verified to Mr. Eisenhauer that information.

THE COURT: Well, from the Court's point of view, Mr. Foster was tried and found guilty of the charges. What happened after the fact, after the trial, was between the prosecutor's office and anyone else that they had contact with in terms of leniency and such as this. From my point of view, Mr. Foster has been found guilty by the jury. The prosecutor has not done anything to indicate to the court that it wished the court to do anything other than follow what is required under the law, and this wouldn't really have any impact on the trial court acting directly with sentencing because this is, as I said a number of times, after the fact.

(Id., Ex. E at 5-8.)

The Missouri Court of Appeals explained that petitioner's allegation of a sentencing agreement contradicts the record. (Doc. 12-1, Ex. K at 5.) This was a state court decision reasonably based upon the factual record. Petitioner is entitled to no relief based upon these allegations.

**B. Ground 2**

In Ground 2, petitioner claims that the prosecution conspired to prevent Timothy Johnson from testifying at trial on petitioner's behalf. The record indicates that Timothy Johnson was with petitioner at the time of his arrest. (Doc. 12-1, Ex. D at 131-144.) Petitioner alleges that Timothy Johnson would have testified at petitioner's trial that the narcotics belonged to him, but the

prosecution prevented his testimony by threats or coercion. Because no state court adjudicated petitioner's remaining grounds, the pre-AEDPA standard for habeas corpus governs.

The evidentiary support for this claim consists solely of a letter from Timothy Johnson submitted by petitioner at his sentencing hearing. (<u>Id.</u>, Ex. E at 4; Doc. 1 at 17.) On May 11, 2010, the document was notarized. (Doc. 1 at 17.) The letter indicates Timothy Johnson's willingness to testify that, at the time of petitioner's arrest, he observed the police officer confiscate marijuana from petitioner, but no crack cocaine. (<u>Id.</u>) The letter also states that Timothy Johnson had contacted the prosecutor. (<u>Id.</u>)

This letter fails to establish that the prosecution prevented Timothy Johnson from testifying, and no other evidence of this allegation has been proffered by petitioner. The undersigned finds that this evidence is insufficient to support petitioner's claim for prosecutorial misconduct. Therefore, Ground 2 is without merit.


## C. Ground 3

In Ground 3, petitioner claims that the prosecution conspired with law enforcement to coerce petitioner's girlfriend by promising favorable treatment of petitioner. Petitioner brings his claims under 28 U.S.C. § 2254, which states that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). In Ground 3, plaintiff fails allege the nature and circumstances of any coercion of Tracy Skinner and how it affected his conviction and sentence. Accordingly, Ground 3 states no claim under 28 U.S.C. § 2254.


## D. Grounds 4 and 5

In Grounds 4 and 5, petitioner claims ineffective assistance of counsel. In <u>Strickland v.</u> <u>Washington</u>, 466 U.S. 668 (1984), the Supreme Court defined ineffective assistance of counsel as arising under the Sixth and Fourteenth Amendments. Under <u>Strickland</u>, a petitioner is entitled to federal habeas corpus relief upon a showing that "counsel's conduct so undermined the proper

functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

A petitioner must prove two elements to prevail on a claim of ineffective assistance of counsel. First, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. Id. at 687–88. There is a strong presumption that counsel has rendered constitutionally effective assistance. Id. at 690; Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987). Counsel's strategic choices made after thorough investigation are virtually unchallengeable, and decisions following reasonable, but less thorough, investigation are to be upheld to the extent that they are supported by reasonable judgment. Strickland, 466 U.S. at 690–91.

Second, a petitioner must demonstrate that he was actually prejudiced by counsel's deficient performance. Id. at 687. To show prejudice, the petitioner must establish that counsel's professionally deficient performance rendered the outcome of the proceeding unreliable or fundamentally unfair. Id. at 687; Lockhart v. Fretwell, 506 U.S. 364, 369–370 (1993). The prejudice must not be simply a "possibility" but an "actual and substantial disadvantage, infecting [petitioner's] entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

In Ground 4, petitioner claims that his trial counsel rendered ineffective assistance because he failed to investigate Timothy Johnson's admission of guilt. Petitioner alleges that Timothy Johnson would have testified and that the testimony would have altered the trial outcome. The relevant part of the sentencing hearing transcript is as follows

> THE COURT: As far as witnesses are concerned, your position is that there was at least one witness that you wanted him to call?
>
> [Petitioner]: He told me to bring my witness down there. The guy that was in the car with me. It was his car.
>
> THE COURT: What was his name?
>
> [Petitioner]: Timothy Johnson. He wrote this.
>
> THE COURT: This letter or affidavit, it's not an affidavit, but it's --
>
> [Petitioner]: Right.

THE COURT: What would he have done for you?

[Petitioner]: He could have told the truth, and I told Phil the truth. He came and said we are going to go with this. I don't want to go with this. I wanted to go with the truth.

THE COURT: You wanted to put Mr. Johnson on the stand?

[Petitioner]: He said he's not credible because he's been locked up.

(Doc. 12-1, Ex. E at 11-13.)

The undersigned concludes from the record that the decision of petitioner's trial counsel to not investigate or procure testimony from Timothy Johnson due to his lack of credibility was a reasonable strategic decision. See Middleton v. Roper, 455 F.3d 838, 846-47 (8th Cir. 2006); Gibbs v. Koster, 2012 WL 3143910, 5-11 (E.D. Mo. 2012); Brown v. Roper, 2007 WL 2729693, 3 (E.D. Mo.2007). Accordingly, petitioner fails to show the deficiency of his trial counsel's performance, and Ground 4 is without merit.

In Ground 5, petitioner claims that his trial counsel rendered constitutionally ineffective assistance because he failed to represent petitioner with the "customary skills of a professional counsel." To support his claim, petitioner asserts his trial counsel's "inability to investigate material issues, depose material witnesses, and file for non-disclosure of evidence withheld by the state." (Doc. 1 at 13.)

The Eighth Circuit has held that "in order to substantially comply with the Section 2254 Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground alleged. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990).

Petitioner failed to state what material issues were not investigated, what named witnesses would have testified in petitioner's defense, and what evidence was withheld by the prosecution. Accordingly, he fails to sufficiently allege constitutionally ineffective assistance of trial counsel.

Ground 5 is without merit.

## VI.  CONCLUSION

For the reasons set forth above,

**IT IS HEREBY RECOMMENDED** that the petition of Dennis Foster for a writ of habeas corpus (Doc. 1) be denied.

The parties are advised that they have 14 days to file written objections to the Report and Recommendation.  The failure to file timely written objections may waive the right to appeal issues of fact.


      /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**


Signed on November 29, 2012.